■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MICHAEL SINGLETON, Appellant. [600 NYS2d 24] —Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered January 4, 1991, convicting defendant, after a trial by jury, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and sentencing him to indeterminate terms of imprisonment of 18 years to life, 5 to 10 years, 4 to 8 years, and 2½ to 5 years, respectively, unanimously affirmed.

Defendant's constructive possession of the narcotics and drug paraphernalia found in the apartment, which was the residence of his half-brothers, was established at trial. Defendant, who had been paroled from prison only two weeks earlier, was present in the apartment at the time the search warrant was executed and his personal effects were found there. Some of those personal effects were of recent origin, refuting defendant's contention that his property had been left in the apartment when he had resided there prior to his incarceration. Given all the attendant circumstances, defendant's exercise of dominion and control over the apartment, as well as the drugs found therein, was established beyond a reasonable doubt.

The court properly denied defendant's motion to dismiss based upon pre-indictment delay. The evidence at the hearing clearly demonstrated that the primary causes for the 31 month delay between the crime and defendant's arrest and indictment were defendant's flight and his efforts to avoid prosecution and there was, therefore, no violation of defendant's constitutional rights (see, People v Singer, 44 NY2d 241, 252-255). Moreover, the court was fully justified in refusing to reopen the hearing based on defendant's proffered additional evidence allegedly demonstrating that he was prejudiced by the delay. Not only is there no indication on the record that the defense had previously been misled to believe that the court would not consider evidence concerning whether defendant had been prejudiced but, in light of the reasons for the delay, defendant's offer of proof provided no basis to believe that the proffered evidence would have changed the outcome.

We have examined defendant's remaining contentions, and find that they are without merit. Concur—Ellerin, J. P., Ross, Asch and Kassal, JJ.