**RIO ENERGY INTERNATIONAL, INC.**, Appellant, v **J. ARON & COMPANY** et al., Respondents. [664 NYS2d 306] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 8, 1996, which dismissed so much of an action as sought to recover attorneys' fees, unanimously affirmed, with costs.

Plaintiff's claim for attorneys' fees was properly rejected on the ground that under the "Non-Performance" clause of the subject contract, recovery of attorneys' fees is limited to plaintiff's exercise of the remedy of liquidation and set-off, a remedy not exercised by plaintiffs, who instead opted to sue for breach of contract. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.

**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v **WAYNE ROWE**, Appellant. [665 NYS2d 72] —Judgment, Supreme Court, Bronx County (John Moore and Steven Barrett, JJ., at speedy trial proceedings; John Stackhouse, J., at plea and sentence), rendered January 27, 1995, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Although labeled as a motion to dismiss the indictment on the ground of, *inter alia*, constitutional violations of defendant's right to a speedy trial, the motion failed to address the constitutional issues and consisted exclusively of defendant's claim that his statutory rights under CPL 30.30 were violated. Having failed to allege, as he does now, that the trial court should have dismissed the indictment based on the factors set forth in *People v Taranovich* (37 NY2d 442), defendant deprived the court of the opportunity to balance these factors, and thus, he has failed to preserve his current claim for this Court's review as a matter of law (*see, People v LaCart*, 235 AD2d 291, *lv denied* 89 NY2d 1037). In any event, were this Court to review defendant's claim that the delay between the filing of the felony complaint and defendant's guilty plea deprived him of his constitutional right to a speedy trial, we would find it to be without merit (*People v Taranovich, supra*). Concur— Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.