■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS REGALDO, Appellant. [679 NYS2d 823] —Judgments, Supreme Court, New York County (Arlene Silverman, J., at plea; Laura Drager, J., at sentence), rendered on or about October 26, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT WEST, Appellant. [679 NYS2d 823] —Judgments, Supreme Court, New York County (Charles Tejada, J.), rendered on or about November 27, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT LOVE, Also Known as NORMAN BROWN, Appellant. [682

NYS2d 4] —Judgment, Supreme Court, New York County (Laura Drager, J.), rendered September 16, 1996, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Although labeled as motions to dismiss the indictment on constitutional speedy trial grounds, neither defendant's *pro se* motion nor defense counsel's motion addressed the constitutional issues. Instead, defendant argued that the People had failed to exercise "due diligence" pursuant to CPL 30.30 in attempting to locate him. Having failed to allege, as he does now, that the trial court should have dismissed the indictment based on the factors set forth in *People v Taranovich* (37 NY2d 442), defendant has failed to preserve his current claim for this Court's review (*People v Rowe*, 244 AD2d 295, *lv denied* 91 NY2d 930; *People v LaCart*, 235 AD2d 291, *lv denied* 89 NY2d 1037). In any event, the 15½ month delay did not deprive defendant of his constitutional right to a speedy trial, particularly since the delay was caused by defendant's failure to return to court and his subsequent attempts to avoid prosecution by his use of different names and birth dates (*People v Singleton*, 195 AD2d 339; *see also*, *People v Taranovich*, *supra*). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.