Ruby WILLIAMS, Plaintiff–Appellant,

Roy Highsmith, Plaintiff,

v.

John CLEARY, Defendant–Appellee,

Unknown Others, Troop "A"—New York State Narcotics, K. Daniels, Detective, Investigator, New York State Police, Three Unidentified Members of the New York State Police, Four Unidentified Members of the Buffalo Police Department, Al Gerhart, Member of New York State Police, Charles Torres, Member of New York State Police, Paul Jackson, Member of New York State Police, Unknown Mask Members of the New York State Police, Defendants.

No. 00–7495.

United States Court of Appeals, Second Circuit.

Jan. 16, 2001.

Ruby Williams, Buffalo, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York (Daniel Smirlock, Deputy Solicitor General, Peter H. Schiff, Senior Counsel, Julie S. Mereson, Assistant Solicitor General, Of Counsel), for defendant-appellee.

Present HON. ELLSWORTH A. VAN GRAAFEILAND, HON. RALPH K. WINTER, and HON. SONIA SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Ruby Williams, *pro se*, appeals from an order of the district court granting defendants' motion for summary judgment of Williams' civil rights claims.

We have reviewed the record and conclude that plaintiff-appellant's claims are without merit. We affirm the District Court's order substantially for the reasons stated by the district court.

Regarding Williams' state law claim for false arrest which the District Court found to be time-barred, we note that the same elements are sufficient to plead a cause of action arising under the Fourth Amendment. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir .1996) ("A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law.") (internal citation omitted). This being the case, the better practice would be to construe the complaint as making out the parallel federal claim as well, in light of the fact that we liberally construe the pleadings of a *pro se* litigant to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks omitted). A federal claim for false arrest necessarily fails, however, when, as here, the facts justify a finding, as a matter of law, that Williams' arrest was supported by probable cause. *See Weyant*, 101 F.3d at 852 ("The existence of probable cause to arrest ... is a complete defense to an action for false arrest.") (internal quotation marks omitted); *People v. Singleton*, 195 A.D.2d 339, 340, 600 N.Y.S.2d 24, 25 (1st Dep't) (exercise of dominion and control over apartment and drugs therein sufficient to sustain drug conviction), *leave to appeal denied*, 82 N.Y.2d 903, 632 N.E.2d 480, 610 N.Y.S.2d 170 (1993). *Cf. McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir.2000) ("This Court ... is free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied.") (internal quotation marks omitted).

Accordingly, the judgment of the district court is hereby AFFIRMED.