■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD KINSLER, Appellant. [37 NYS3d 891]—

Judgment, Supreme Court, New York County (Lawrence Marks, J., at suppression hearing; Gregory Carro, J., at jury trial and sentencing), rendered March 26, 2012, as amended April 23, 2012, convicting defendant of criminal possession of a controlled substance in the second and third degrees, criminal possession of a weapon in the second degree, endangering the welfare of a child (two counts), criminally using drug paraphernalia in the second degree (two counts) and criminal possession of marijuana in the fifth degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The hearing evidence established that the police entered defendant's apartment and observed drugs and drug paraphernalia only after obtaining defendant's voluntary consent (see *People v Gonzalez*, 39 NY2d 122, 128-131 [1976]). Given that the officers were investigating a call regarding an assault in progress at the apartment, and their explanation to defendant that they "needed to . . . make sure that everybody was okay at that location," the security sweep of the apartment fell within the scope of consent (see *People v Jassan J.*, 84 AD3d 620 [1st Dept 2011], *lv denied* 18 NY3d 925 [2012]).

Defendant did not preserve his claim that the evidence was legally insufficient to support his drug and weapon convictions involving items found in a lockbox, and we decline to review it

in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdicts at issue were not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). We see no reason to disturb the jury's credibility determinations. The evidence of defendant's dominion and control over the entire apartment, including the closet in which the lockbox was found, established constructive possession of the box (*see People v Manini*, 79 NY2d 561, 573 [1992]; *People v Singleton*, 195 AD2d 339 [1st Dept 1993], *lv denied* 82 NY2d 903 [1993]). Such evidence of constructive possession permits the inference that defendant knew about the narcotics and pistol in the box (*see People v Reisman*, 29 NY2d 278, 285 [1971], *cert denied* 405 US 1041 [1972]). Moreover, the ample evidence, including a recorded phone conversation and the reasonable inferences to be drawn therefrom, of defendant's participation in the drug operation being conducted out of the apartment also establishes knowing possession of the items in the box (*see People v Tirado*, 38 NY2d 955 [1976]; *People v Diaz*, 220 AD2d 260 [1st Dept 1995]). Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.