■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DIAZ, Appellant. [632 NYS2d 82] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered December 9, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $5^{1}/_{2}$ to 11 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), the evidence was legally sufficient to establish defendant's guilt of the crime charged. Upon an independent review of the facts, we find the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Where, as here, the evidence demonstrates that defendant owned, rented or had control over or a possessory interest in, the apartment where drugs were found, the evidence is legally sufficient to establish his constructive possession of such drugs (*see, People v Manini*, 79 NY2d 561, 573; *People v Tirado*, 38 NY2d 955, *affg* 47 AD2d 193). That defen-

dant was the only one indicted for possession of the drugs found in the apartment, although other members of his family were both present therein and also arrested for possessory crimes, does not establish that he was the victim of selective prosecution. "Possession if joint is no less possession" (*People v Tirado*, supra, at 956). The drugs, paraphernalia and large sums of money recovered sufficiently established that defendant knew what he possessed (*see, People v Reisman*, 29 NY2d 278, 285-288, *cert denied* 405 US 1041), and that he was not merely a drug user, but a drug seller (*see, People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937).

Defendant's present contentions of ineffective assistance of counsel are without merit. Some are belied by the record and the remainder cannot be entertained on this direct appeal since they are based on matters dehors the record and, in the absence of a motion to vacate the conviction pursuant to CPL 440.10, counsel's tactics are left unexplained (*see, People v Brown*, 45 NY2d 852, 853-854). Review of defendant's *Rosario* claim is also precluded for failure to provide an adequate record. Defendant's remaining contentions do not warrant corrective action. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.