■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. DAVID, JR., Appellant. [652 NYS2d 324] —Casey, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered September 6, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the third degree, criminal possession of marihuana in the third degree and criminally using drug paraphernalia in the second degree.

In support of his appeal, defendant argues the legal insufficiency of the search warrant which formed the basis for the seizure of the contraband on which his convictions were predicated. Three separate search warrants obtained by the Village of Sydney Police in Delaware County allowed the search of a specific apartment in the Village for (1) weapons, (2) drugs and drug-related paraphernalia, and (3) stolen goods. Defendant contends that the affidavits underlying the warrants were insufficient when scrutinized under the *Aguilar-Spinelli* test, which requires a reasonable showing that an undisclosed informant was reliable and had a basis of knowledge (*see, People v Griminger*, 71 NY2d 635, 639). We disagree.

We begin by rejecting defendant's argument that the *Aguilar-Spinelli* test is applicable even if the warrant application is supported by the sworn affidavit of an informant whose

identity is disclosed to the issuing Judge. The two-prong test applies to "information supplied by an undisclosed informant" (*People v Martinez*, 80 NY2d 549, 552). A sworn statement of an identified member of the community attesting to facts directly and personally observed by him is in and of itself sufficient to support the issuance of a search warrant (*see, People v Hicks*, 38 NY2d 90, 92; *People v McCulloch*, 226 AD2d 848, 849). We conclude that each of the three warrants challenged by defendant is supported by such a sworn statement.

The application for the warrant to search for weapons included the affidavit of a police officer, who stated that defendant was a felon based upon a 1977 robbery conviction, and a sworn statement of a confidential informant, who stated that on a certain date he saw a rifle, a shotgun and a handgun in a specific apartment he described as defendant's apartment. The informant's sworn statement was submitted to the issuing Judge for in camera review and appears in the record with all identifying information redacted. The information contained in the affidavit and sworn statement provided the issuing Judge with probable cause to believe that defendant had committed a weapon possession crime (*see*, Penal Law § 265.01 [4]; § 265.02 [1]) and that the weapons would be found at the place to be searched.

The application for the other two warrants were also supported by the affidavits of police officers and sworn statements of informants, one whose identity was disclosed to the issuing Judge in camera and the other whose identity was not confidential. The officers' affidavits refer to confidential information subject to the *Aguilar-Spinelli* test, but the informants' sworn statements refer to specific contraband observed by them in defendant's apartment. We conclude, therefore, that based upon the informants' sworn statements, which were not subject to the *Aguilar-Spinelli* test, the issuing Judge had probable cause to issue the drug and stolen goods search warrants.

We turn next to defendant's argument addressing the legal sufficiency of the trial evidence. According to defendant, the People failed to present sufficient evidence to demonstrate his possession of any of the contraband discovered during the execution of the search warrants. We disagree.

Defendant was not present in the apartment when the police executed the search warrants and, therefore, defendant's guilt of the various possession crimes charged as a result of the search depends upon constructive possession (*see*, Penal Law § 10.00 [8]). To support a charge based upon constructive possession, "the People must show that the defendant exercised

'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573). In this case, the People presented sufficient evidence regarding defendant's control over the apartment in which the contraband was found.

A witness for the People, Joseph Wilson, testified that the door knocker to the apartment had the name "David" on it and that defendant lived there with his wife. Wilson testified that he visited defendant in the apartment 20 to 30 times after he met defendant in November or December 1993 until the date of the police search of the apartment in February 1994. His visits occurred at various times of the day, including early in the morning and late at night. At times, Wilson found defendant dressed only in a bathrobe. Wilson had meals with defendant at the apartment and was with defendant in all three rooms of the apartment at various times. On one occasion, Wilson brought stolen tools to the apartment which he gave to defendant in exchange for cocaine. One of the police officers who searched the apartment observed clothing for both a man, including undergarments and a woman in the bedroom.

Contrary to defendant's argument, our review of the legal sufficiency of the circumstantial evidence is not based upon the "moral certainty" standard, but instead we must determine "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams*, 84 NY2d 925, 926). So viewed, the testimony previously outlined above was sufficient to demonstrate that defendant resided in and had control over the apartment where the contraband was found. Evidence of the frequency of defendant's presence in the apartment at various times of day and his appearances in a bathrobe, together with the evidence that he ate meals there and that a man's clothing was found in the bedroom, demonstrates that defendant was more than a mere occasional visitor to the apartment where his wife resided. Evidence that defendant used the apartment to meet with Wilson, accompanied Wilson into every room in the apartment, and transacted an exchange of cocaine for stolen goods with Wilson at the apartment demonstrates the level of defendant's control over the apartment. We conclude, therefore, that there was legally sufficient evidence of defendant's constructive possession of the contraband found in the apartment (*compare, People v Diaz*, 220 AD2d 260, *with People v Edwards*, 206 AD2d 597, *lv denied* 84 NY2d 907).

We agree with defendant that County Court erred in refusing his request for a circumstantial evidence charge with regard to those counts of the indictment on which defendant's possession of contraband is based exclusively on evidence of defendant's possession and control of the apartment. The testimony of Wilson is not, as the People contend, direct evidence of defendant's control over the contraband on the date charged in the indictment. Rather, it is direct evidence of defendant's control over the area where the contraband was found, which requires the drawing of an additional inference to establish defendant's control over the contraband itself and, therefore, the circumstantial evidence charge was required (*see, People v Brian*, 84 NY2d 887, 889). Based upon defendant's absence from the apartment when the search occurred, together with the evidence concerning Wilson's credibility and other evidence presented by defendant on the issue of his control over the apartment, we cannot say that County Court's refusal to give the requested circumstantial evidence charge was harmless error (*see, People v Richards*, 226 AD2d 559, *lv denied* 88 NY2d 969; *cf., People v Brian, supra*, at 889).

With regard to the second count of the indictment, which charged defendant with criminal possession of stolen property in the third degree, we reach a different conclusion. A circumstantial evidence charge is not required when there is both circumstantial and direct evidence (*see, People v Barnes*, 50 NY2d 375). Wilson's testimony concerning the exchange of stolen tools for cocaine at defendant's apartment constitutes direct evidence of defendant's dominion and control over the stolen tools (*see, People v Daddona*, 81 NY2d 990, 992). We conclude, therefore, that County Court's failure to give the circumstantial evidence charge does not affect defendant's conviction of the possession of stolen property charge. We have considered the arguments raised in defendant's *pro se* brief and find them meritless.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant on the first, third, fourth and fifth counts of the indictment; matter remitted to the County Court of Delaware County for a new trial on those counts; and, as so modified, affirmed.