(March 15, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD J. MCLEOD, JR., Appellant. [722 NYS2d 114] —Peters, J. Appeal from a judgment of the County Court of Broome County (Matthews, J.), rendered July 9, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

Investigators Marie Murray and Daniel Friar of the Special Investigations Unit of the Binghamton Police Department executed a no-knock search warrant upon a second floor apartment located in the City of Binghamton, Broome County. As Murray entered the dining room, she saw defendant seated on a couch in the living room with a black plastic bag between his feet. When defendant observed Murray enter the living room, he fled toward the dining room and, after a brief struggle, was arrested. A search revealed, *inter alia,* blue-topped vials in ziplock baggies underneath the kitchen sink, a digital scale behind the television in the living room and $526 on defendant, consisting mainly of $20 bills.[1] The black plastic bag was later determined to contain over three ounces of cocaine. Indicted on one count each of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, defendant was thereafter convicted as charged and sentenced to concurrent prison terms.[2] He appeals.

Viewing the evidence, both direct and circumstantial (*see, People v Davis*, 260 AD2d 726, 729, *lv denied* 93 NY2d 968; *see also, People v Bush*, 266 AD2d 642, 643, *lv denied* 94 NY2d 917), in a light most favorable to the prosecution to determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury and, as a matter of law, satisfy both the proof and burden requirements for each and every element of the crimes charged, we find that a legally sufficient proffer was made (*see, People v Bleakley*, 69 NY2d 490, 495; *People v May*, 263 AD2d 215, 219-220, *lv denied* 94 NY2d 950). In addition to being found with the bag of cocaine at his feet and the accouterments of drug sales in the apartment, testimony described defendant as an "on and off" visitor who had full access to all areas of the residence. For a few days prior to his arrest, he had been staying at the apartment, sleeping on the couch, and had engaged in conduct in the presence of others which was consistent with drug sale activity. Although defendant testified on his own behalf and offered an innocent explanation for both his conduct and the money found on him, these assertions merely created a credibility issue for the jury to resolve. Albeit circumstantial, we find the evidence sufficient for the jury to have inferred

1. Testimony later revealed that $20 worth of cocaine is the most common form of drug packaging in Binghamton.

2. For the second degree possession conviction, defendant was sentenced to 6 years to life imprisonment whereas he received 1 to 3 years on the third degree possession conviction.

that defendant had constructive possession of the drugs and had exercised the requisite dominion or control over both the drugs and the property in which it was located (*see, People v Manini*, 79 NY2d 561, 573). With further testimony establishing that he had the requisite knowledge and intent to sell the drugs, we decline to disturb the verdict rendered.

As the sentence falls within the permissible statutory range and no showing of extraordinary circumstances has been made, we decline any modification thereof (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

