■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROUN A. ELHADI, Appellant. [759 NYS2d 781] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 28, 2001, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree.

Following a jury trial, defendant was convicted of criminally using drug paraphernalia in the second degree and two counts of criminal possession of a controlled substance in the third degree, which occurred at the apartment where he was staying on Broad Street in the Village of Johnson City, Broome County. Sentenced as a second felony offender to concurrent terms of 6 to 12 years' imprisonment for the two criminal possession convictions and a one year concurrent term for the drug paraphernalia convictions, defendant appeals challenging the sufficiency and weight of the evidence and the length of the sentence imposed. We affirm.

First, viewing the evidence in the light most favorable to the People and affording them every favorable inference from the evidence adduced (see People v Acosta, 80 NY2d 665, 672 [1993]; People v Bleakley, 69 NY2d 490, 495-496 [1987]), we find that the evidence was legally sufficient to establish all of the elements of the crimes of which defendant was convicted, including defendant's constructive possession of the cocaine, his intent to sell it and his knowing possession of drug paraphernalia under circumstances evincing an intent to use them—or with knowledge that another person so intends—to unlawfully manufacture, package or dispense the cocaine (see Penal Law § 220.16 [1], [12]; § 220.50 [2]; § 10.00 [8]). The trial evidence demonstrated that on February 18, 2000, detectives of the Johnson City Police Department, acting on a confidential tip, came upon two men also staying in the apartment in issue who were carrying recently purchased plastic baggies and razor blades. The detectives accompanied them back to the apartment where defendant answered the door and summoned the woman who had rented the apartment (hereinafter the tenant). The tenant emerged from the rear bedroom, spoke to the detectives and gave them permission to enter and look around. Through the open door to the front bedroom the detectives observed on top of a television two pieces of crack cocaine in corner-wrap packaging customarily used for packaging crack cocaine for sale. Defendant and the other two males were arrested, and a subsequent search conducted pursuant to a warrant disclosed an additional 80 pieces of crack cocaine, each

individually corner-wrapped in plastic bags, all located in plain view next to the television in the front bedroom. The street value of the crack was estimated at approximately $1,600. Also found in that room was a kitchen plate containing loose crack, a knife used to cut the crack cocaine and a straw cut like a shovel used to load the crack cocaine into the baggies, and a bag of baggies with cut corners was also located.

Testifying at trial were both the tenant and a 13-year-old female runaway who, three to four days earlier, had acted as a "mule" for defendant and his cohorts by transporting cocaine— which the men planned to sell—on a bus from New York City to the City of Binghamton, Broome County. The females testified that defendant had been staying with other males in the front bedroom, where the drugs were in open view, while they stayed in the rear bedroom. The females never saw any of the men use crack cocaine and no paraphernalia indicative of such use by the men was discovered in the apartment or on their person. County Court charged the jury that two females were defendant's accomplices as a matter of law. Contrary to defendant's primary appellate claim, the accomplice testimony was supported by ample nonaccomplice evidence and testimony "tending to connect the defendant with the commission of [these] offense[s]" (CPL 60.22 [1]).

The detectives' testimony corroborated, among other things, that defendant was present and answered the door when police arrived, that only male clothing and belongings were found in the first bedroom where the cocaine and paraphernalia were found and the use of mules in drug trafficking. Their testimony was not required to establish or corroborate all of the elements of the crimes charged and sufficiently connected defendant to these crimes "so as to reasonably satisfy the jury that the accomplice[s] [were] telling the truth" (*People v Glasper*, 52 NY2d 970, 971 [1981]; *see People v Breland*, 83 NY2d 286, 292-293 [1994]; *People v Steinberg*, 79 NY2d 673, 783 [1992]; *People v Smith*, 55 NY2d 945, 946 [1982]; *People v Wood*, 299 AD2d 739, 741-742 [2002]).

Moreover, defendant's "knowing possession" was established by his close proximity to the drugs at the time of their discovery—in open view in a room in a small, private apartment and under circumstances evincing an intent to unlawfully package or prepare them for sale—as the jury was charged (*see* Penal Law § 220.25 [2] [close proximity presumption]; *see also People v Daniels*, 37 NY2d 624, 630-631 [1975]; *People v Collado*, 267 AD2d 122, 122-123 [1999], *lv denied* 94 NY2d 917 [2000]; *People v Rodriguez*, 194 AD2d 634, 635 [1993], *lv denied*

82 NY2d 758 [1993]). The evidence likewise established defendant's dominion and control over the bedroom where the cocaine was in plain view and, thus, his constructive possession of it (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573-574 [1992]), including evidence from which "a reasonable jury could conclude that only trusted members of the [drug] operation would be permitted to enter" (*People v Bundy*, 90 NY2d 918, 920 [1997]). The fact that defendant did not own or lease the apartment or that others also stayed in the bedroom where the drugs were found does not preclude a finding of constructive possession since possession may be joint (*see People v Tirado*, 38 NY2d 955, 956 [1976]; *People v Hyde*, 302 AD2d 101, 104-105 [2003]). Additionally, the evidence regarding the manner in which the cocaine was packaged for distribution, the quantity of drugs, and defendant's direct involvement in the plans to utilize a mule to transport drugs to Johnson City for the purpose of selling them all overwhelmingly established defendant's intent to sell (*see People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). Finally, while a different verdict would not have been unreasonable, upon weighing the relative probative force of the conflicting inferences that may fairly be drawn from the testimony, we do not find that the accomplices were inherently unbelievable or that the verdict was in any respect against the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490 [1987], *supra*).

Turning to defendant's challenge to the 6- to 12-year sentence as harsh and excessive, we note that it was in the mid-range of permissible sentences for the two B-level second felony offenses (*see* Penal Law § 70.06 [3] [b]; [4] [b]; Penal Law § 220.16) and that no extraordinary circumstances or abuse of discretion exist to warrant a reduction (*People v Cooper*, 303 AD2d 776, 779 [2003]).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.