■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAKYA A. McLEAN, Appellant. [762 NYS2d 700] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 14, 2000 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

In connection with a September 1999 stabbing incident in the City of Albany, defendant was convicted as an accomplice of assault in the second degree (*see* Penal Law §§ 20.00, 120.05 [2]). At the jury trial, two accomplices admitted perpetrating the attack and testified that defendant, while not directly attacking the victim, actively aided and encouraged them to do so. After unsuccessfully moving to set aside the verdict, defendant was sentenced to a determinate prison term of 5½ years. Defendant now appeals, contending that the trial evidence was not legally sufficient and the accomplice testimony presented by the People was not adequately corroborated.

Initially, since defendant failed to specifically raise these sufficiency arguments at trial, they are unpreserved for our review (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Rivera*, 301 AD2d 787, 788 [2003], *lv denied* 99 NY2d 631 [2003]), notwithstanding having raised them in her posttrial motion to set aside the verdict (*see People v Padro*, 75 NY2d 820 [1990]). In any event, defendant's contentions with respect to the sufficiency of the evidence are without merit. Both accomplices testified that defendant formulated the plan to fight the victim and returned from New York City to do so. The accomplices further established that defendant furnished the knife used to stab the victim, repeatedly commanded and encouraged the attack and physically assailed the victim's sister when she attempted to intervene on the victim's behalf. As to the victim's injuries, the trial testimony revealed that she suffered various lacerations to the head, left breast and left leg, which resulted in a total of 36 stitches and three staples. Viewing this evidence in a light most favorable to the prosecution (*see People v Ficarrota*, 91 NY2d 244, 248 [1997]), we find a valid line of reasoning and permissible inferences from which a rational juror could conclude beyond a reasonable doubt that defendant, under an accomplice theory of liability, intentionally caused physical injury to the victim by means of a dangerous instrument (*see* Penal Law § 10.00 [9], [13]; §§ 20.00, 120.05 [2]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Zabala*, 290 AD2d 578, 578-580 [2002], *lv denied* 97 NY2d 735 [2002]). Likewise, viewing the evidence in a neutral light, we find that the jury's verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

We are equally unpersuaded that the testimony of the accomplices lacked sufficient corroboration. By statute, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such of-

fense" (CPL 60.22 [1]). This corroborative evidence need not establish all of the elements of the crime charged (*see People v Besser*, 96 NY2d 136, 143 [2001]; *People v Elhadi*, 304 AD2d 982, 983 [2003]) but, rather, must " 'tend[ ] to connect a defendant to the crime in a manner sufficient to satisfy the jury that an accomplice is telling the truth' " (*People v Bates*, 299 AD2d 727, 728 [2002], *lv denied* 99 NY2d 626 [2003], quoting *People v Crow*, 284 AD2d 653, 653 [2001], *lv denied* 96 NY2d 900 [2001]). Here, the victim's sister provided the requisite corroboration by confirming defendant's presence at the scene, repeated commands to attack the victim and active efforts to block assistance to the victim (*see People v Elhadi, supra* at 983).

Finally, given the violent nature of the crime and the absence of extraordinary circumstances, we find unavailing defendant's argument that the sentence imposed is harsh and excessive (*see People v Wood*, 299 AD2d 739, 744 [2002], *lv denied* 99 NY2d 621 [2003]; *People v King*, 277 AD2d 708, 712 [2000], *lv denied* 96 NY2d 802 [2001]). In this regard, the fact that the testifying accomplices received lesser sentences upon their guilty pleas does not warrant a modification of Supreme Court's discretionary determination (*see People v Irizarry*, 289 AD2d 875, 876 [2001]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.