■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN BANKS, Appellant. [786 NYS2d 861]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 20, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

After two police officers arranged and executed a controlled drug buy by a confidential informant at a certain address, the officers and informant submitted affidavits along with an application for a search warrant. A City Court judge issued a no-knock search warrant for the first floor apartment at that address. The police executed that warrant and discovered in the kitchen a scale and numerous plastic baggies with the corners removed. In the bathroom, they found a plastic bag containing six tied-off corners of baggies each containing a piece of crack cocaine. An officer peered through the window and saw defendant in the doorway to the bathroom before the other officers breached the door to the apartment; other officers then saw a black male exiting the apartment's front door and heading up the stairs and officers located defendant in the upstairs apartment. Defendant was arrested and tried for several drug crimes. The jury acquitted him of the most serious count, criminal possession of a controlled substance in the third degree, but

convicted him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree. Defendant appeals.

City Court had a sufficient basis to issue the search warrant. Contrary to defendant's argument that the court was required to establish the informant's reliability and basis of knowledge under the *Aguilar-Spinelli* test, that standard was inapplicable here because there was a named confidential informant as opposed to an undisclosed informant (*compare People v David,* 234 AD2d 787, 787-788 [1996], *lv denied* 89 NY2d 1034 [1997], *and People v McCulloch,* 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996], *with People v Martinez,* 80 NY2d 549 [1992]). The police submitted to the court a copy of the informant's affidavit that included the informant's name, so the informant's identity was disclosed before the court issued the warrant. The warrant application and accompanying affidavits contained sufficient information to support a reasonable belief that evidence of drug crimes may be found in the first floor apartment, based on the personal actions and observations of the confidential informant and police during the controlled drug buy (*see People v Lee,* 303 AD2d 839, 840 [2003], *lv denied* 100 NY2d 622 [2003]; *People v McCulloch, supra* at 849). Thus, the warrant was properly issued.

The evidence was legally sufficient to prove defendant's constructive possession of crack cocaine. The element of constructive possession requires proof that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which contraband [was] found" (*People v Manini,* 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]). While mere presence in an apartment where drugs are found is insufficient to constitute constructive possession (*see People v Edwards,* 206 AD2d 597, 597-598 [1994], *lv denied* 84 NY2d 907 [1994]), the evidence here created a stronger link between defendant, the apartment and the drugs. Defendant had keys to the apartment in his pocket, he acknowledged that he stayed overnight there at times, his friend testified that defendant was in the apartment most of the time in the two weeks preceding the raid and the upstairs neighbor testified that defendant was the only person who lived in the first floor apartment. Officers testified that they watch bathrooms on raids because suspects often attempt to flush drugs down the toilet, the officer watching through the bathroom window saw defendant in the doorway to the bathroom and the drugs were found in plain view on the bathroom floor next to the toilet. This evidence was sufficient to show that, under the circumstances, de-

fendant constructively possessed those drugs (*see People v Elhadi,* 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003]; *People v McLeod,* 281 AD2d 746, 747 [2001], *lv denied* 96 NY2d 921 [2001]; *People v Thomas,* 205 AD2d 838, 839 [1994]).

Defendant received the effective assistance of counsel. His arguments that counsel failed to properly advise him of his defenses and failed to call witnesses that he requested are not supported by the record and would be more appropriately addressed by a CPL 440.10 motion. While defendant makes the ultimate decision whether to testify in his own defense, counsel has an obligation to discuss the pros and cons of offering such testimony and provide advice on the issue, including discouraging defendant from testifying if so warranted. Defendant apparently based his decision not to testify on more than counsel's advice as, before defendant decided against testifying, County Court permitted defendant to meet with a friend or relative to discuss whether he would take the stand. The record reflects that counsel often conferred with defendant, including at the end of examining each witness and before resting his case. Counsel actively participated in the trial and was effective in achieving an acquittal on the most serious count. Under these circumstances, counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

We have reviewed defendant's remaining contentions and find them without merit.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.