■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAL ARRINGTON, Also Known as ISH, Appellant. [817 NYS2d 755]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 21, 2003, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree (two counts).

As the result of a controlled drug buy of 100 grams of cocaine by a confidential informant and the execution of a search warrant, defendant was arrested and subsequently indicted for criminal sale of a controlled substance in the first degree and two counts of criminally using drug paraphernalia in the second degree. Defendant's challenge to the validity of the search warrant and motion to suppress the tangible evidence secured thereunder, as well as his motion for dismissal of the indictment on speedy trial grounds, were denied. Following a jury trial, defendant was convicted of all counts and now appeals.

As an initial matter, we find no merit to defendant's contention that his constitutional right to a speedy trial was violated. The approximate 16-month delay between defendant's arrest and indictment resulted in large measure from negotiations with defendant regarding entry of a plea and cooperation with respect to further drug investigations. Under these circumstances and with due consideration of the relevant factors, we are unconvinced that defendant's due process rights have been violated (*see People v Alger*, 23 AD3d 706, 707 [2005], *lv denied* 6 NY3d 845 [2006]; *People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]). Additionally, although the charges against defendant were extremely serious and there was significant pretrial incarceration, defendant has failed to point to any prejudice as a result of the delay or any impairment to his defense (*see People v Williams*, 16 AD3d 980, 981 [2005], *lv denied* 5 NY3d 771 [2005]).

Next, contrary to defendant's present assertions, legally sufficient evidence was produced by the prosecution at trial to sustain the convictions. With respect to the convictions for criminally using drug paraphernalia, defendant asserts that the trial evidence fails to suitably establish his possession of the drug baggies and digital scale found at his mother's—not his—residence during execution of the search warrant. We disagree because the prosecution's evidence satisfactorily supports the conclusion that defendant had constructive possession. Constructive possession exists when the proof establishes that the defendant exercised a sufficient level of control over the area in which the drug paraphernalia was found or over the person from whom the drug paraphernalia was seized (see People v Manini, 79 NY2d 561, 573 [1992]). Here, not only did the evidence establish that during the investigation, defendant was observed coming and going from his mother's house in the week before his arrest, but during the execution of the search warrant, the police located clothing and shoes belonging to defendant in a bedroom of the house, two automobile rental agreements in defendant's name and, most telling, a leather bag containing $12,600, $2,800 of which matched the money used to fund the drug buy. When viewed in a light most favorable to the People, this evidence sufficiently establishes constructive possession (see People v Banks, 14 AD3d 726, 727-728 [2005], lv denied 4 NY3d 851 [2005]; People v Elhadi, 304 AD2d 982, 983-984 [2003], lv denied 100 NY2d 580 [2003]; People v McLeod, 281 AD2d 746, 747-748 [2001], lv denied 96 NY2d 921 [2001]).

Next, defendant argues that there is insufficient evidence to support his conviction for criminal sale of a controlled substance in the first degree as there is no independent corroborative evidence of the accomplice testimony connecting defendant with the sale. Although a conviction may not rest on accomplice testimony alone (see CPL 60.22), the corroboration requirement is satisfied when the record contains credible, probative evidence establishing the reliability of the accomplice testimony (see People v Cross, 25 AD3d 1020, 1022 [2006]). Our review of the record reveals evidence which sufficiently connects defendant to the drug sale, and which could reasonably convince the jury that the accomplice testimony was credible (see People v Elhadi, supra at 983). In this regard, one of the officers involved in the surveillance of the transaction testified that he saw defendant pass a plastic baggie, the size of a baseball, to the accomplice and further saw the accomplice hand the same baggie to the confidential informant in exchange for the buy money. The confidential informant confirmed that the accomplice and defendant interacted immediately before the accomplice

delivered the drugs to the confidential informant. Moreover, $2,800 of the $3,500 given by the police to the confidential informant was subsequently located in the constructive possession of defendant.

We have considered defendant's remaining arguments and find them to be without merit. To the extent that defendant assigns error to County Court's refusal to declare the confidential informant an accomplice, we note only that the confidential informant was an agent of the police.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.