■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL RIVERA, Appellant. [836 NYS2d 713]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered February 1, 2005 in Albany County, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

After a gunman robbed a Wendy's restaurant, the police recovered from the scene a band-aid that reportedly fell off the robber. More than one year later, the DNA sample from the band-aid was matched to defendant, who had recently been incarcerated in a Florida prison. An investigator went to Florida and, with the help of local police and the Florida State Attorney's office, assembled materials necessary for a search warrant application, which they presented to a Florida magistrate.

The magistrate signed a warrant authorizing the investigator to obtain two buccal swabs of defendant's mouth. Defendant's DNA sample from the buccal swabs matched the sample from the band-aid, leading to his indictment on two counts of robbery in the second degree.

After a suppression hearing, County Court (Breslin, J.) found probable cause for the magistrate to issue the warrant and denied defendant's suppression motion. At trial, a jury found him guilty of both counts. Supreme Court (Teresi, J.) imposed two concurrent 15-year prison terms followed by five years of postrelease supervision, to be served consecutively to any other sentences he was currently serving. Defendant appeals.

Defendant argues that County Court erred in denying his suppression motion because the Florida magistrate did not have sufficient information before him to issue the warrant. This argument is partially based on defendant's assertion that the investigator's affidavit for the search warrant was not included in the search warrant application. The record does not support this assertion. The investigator testified at the hearing that the application included the search warrant, his affidavit for a search warrant and five supporting depositions. The only document not before the magistrate at the time that he signed the warrant was an inventory of return, which is not completed until after the warrant is executed.

Defendant further argues that by not questioning the investigator directly, the Florida magistrate failed to make a full and searching inquiry into the facts upon which the warrant was based. So long as the sworn written statements in the application and supporting documents provide probable cause for the issuance of the search warrant, no further inquiry is required (see People v Hicks, 38 NY2d 90, 92 [1975]; People v Banks, 14 AD3d 726, 727 [2005], lv denied 4 NY3d 851 [2005]; People v David, 234 AD2d 787, 788 [1996], lv denied 89 NY2d 1034 [1997]; compare People v Martinez, 80 NY2d 549, 552 [1992]). Because defendant does not attack the factual basis for the finding of probable cause as set forth in the search warrant application and supporting documents, we find no error in County Court's ruling.

Supreme Court did not abuse its discretion by imposing the maximum permissible sentence. Defendant placed others in danger by displaying a rifle and recruiting his girlfriend to aid him in the commission of this crime. In addition to other past crimes, defendant had recently been convicted of armed robbery and felony escape in Florida. The record does not support defendant's allegations that the court was punishing him for

proceeding to trial by imposing a sentence greater than that offered during plea negotiations (see People v White, 211 AD2d 982, 986 [1995], lv denied 85 NY2d 944 [1995]), especially considering that the judge who heard his plea rejections was not the same judge who presided at trial and sentencing. Under the circumstances, we see no reason to disturb the sentence imposed.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.