■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE E. WILLIAMS, Appellant. [847 NYS2d 309]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 29, 2006, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

Following a jury trial, defendant was convicted of grand larceny in the fourth degree stemming from a scheme on August 13 and 14, 2005, in which he stole over $1,900 from various ATMs owned by Visions Federal Credit Union in Broome County. Pursuant to the scheme, Arturo Deas, an addict in need of money to support his habit, obtained identification listing defendant's address as his home address, and he then opened a Visions account and an ATM card and PIN number were mailed to him at defendant's address. Defendant, somewhat disguised, used Deas's ATM card at various ATMs to simulate a series of fraudulent deposits—into Deas's Visions' account—of falsely identified money orders, and then made withdrawals against those deposits. Defendant gave a small amount of the proceeds of his scheme to Deas. Upon his conviction, defendant was sentenced, as a second felony offender, to a prison term of 2 to 4 years, and he now appeals.

Defendant's various challenges to the legal sufficiency of the evidence, most of which were not preserved for our review (*see People v Gray*, 86 NY2d 10, 18-22 [1995]), do not withstand

scrutiny (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's identity as the perpetrator of these larcenous withdrawals was established by Deas's testimony, as well as the photographs—taken from the video cameras positioned at the various ATMs and introduced at trial—which depict the perpetrator and corresponded to Visions' records of the transactions at those machines. Indeed, we do not find that the relatively minor timing discrepancies between the times stamped on the photographs taken from the video camera and the times recorded on the official record of the ATM transactions had any bearing on their probative or corroborative value. Further, Deas's girlfriend, who had known defendant for 15 years, identified defendant from several of the photographs. Defendant did not dispute that the fraudulent transactions occurred and, viewing the evidence most favorably to the People (*see People v Rossey*, 89 NY2d 970, 971 [1997]), we find that there was legally sufficient evidence establishing his identity as the perpetrator (*see People v Lopez*, 9 AD3d 692, 694 [2004]).

County Court correctly charged the jury that Deas was an accomplice as a matter of law whose testimony required corroboration (*see* CPL 60.22 [1]; *see also People v Caban*, 5 NY3d 143, 154-155 [2005]; *People v Besser*, 96 NY2d 136, 143-144 [2001]). The corroborative testimony need not have established all of the elements of the crime but, rather, needed only to have tended to connect defendant to the crime in a manner sufficient to provide "some basis for the jury to conclude [that] the accomplice testimony is credible" (*People v Besser*, 96 NY2d at 143, citing *People v Breland*, 83 NY2d 286, 292-293 [1994]; *see People v McLean*, 307 AD2d 586, 587-588 [2003], *lv denied* 100 NY2d 643 [2003]). Here, the testimony of Deas's girlfriend, coupled with the ATM photographs and the records of the ATM transactions, provided the requisite corroboration. Nor are we persuaded by defendant's claim that inconsistencies or inaccuracies in Deas's testimony rendered it "so unworthy of belief as to be incredible as a matter of law" (*People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005] [citations and internal quotation marks omitted]).

Contrary to his assertions on appeal, the record reflects that defense counsel provided meaningful representation, obtaining dismissal of most counts in the indictment prior to trial and vigorously attacking the key witnesses' testimony and credibility; counsel pursued a cogent albeit unsuccessful trial strategy of emphasizing shortcomings in the documentary and photographic evidence and implicating Deas as the perpetrator (*see People v Caban*, 5 NY3d at 152). While defendant is correct

that Deas's testimony regarding the terms of his cooperation agreement was somewhat inconsistent, the jury was in fact clearly informed that Deas had cooperated and that his testimony against defendant allowed him to avoid charges for his admitted role in these transactions and brought him a measure of leniency on another pending criminal matter. Counsel explored Deas's motive to testify falsely against defendant and impeached his credibility at length, and defendant did not demonstrate that counsel's other conduct of which he complains either lacked a strategic purpose or represented error so "egregious and prejudicial as to compromise [his] right to a fair trial" (*id.* at 152). Defendant's remaining claims are also rejected as unpersuasive.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.