People v Holquin (2018 NY Slip Op 06970)





People v Holquin


2018 NY Slip Op 06970


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


7362 1542N/14

[*1]The People of the State of New York, Respondent,
v
Freilyn Holquin, Defendant-Appellant.


Gotlin & Jaffe, New York (Lawrence Fleischer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered January 10, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
The verdict was based on legally sufficient evidence. Moreover, the evidence overwhelmingly established defendant's guilt. There was no rational explanation for the presence of a large quantity of drugs and packaging materials in defendant's own apartment other than his constructive possession of the contraband (see e.g . People v Diaz , 220 AD2d 260, 260 [1st Dept 1995]). The evidence also established defendant's guilt under
the correctly applied drug factory presumption of Penal Law § 220.25(2), based on defendant's close proximity to contraband in open view at the time a search warrant was executed.
Since defendant objected at trial on different grounds from those raised on appeal (see People v Graves , 85 NY2d 1024, 1026-1027 [1995]), he has not preserved his present challenges to expert testimony, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The expert testimony on drug trafficking involved matters beyond the knowledge of the average juror, and the witness did not intrude on the jury's fact-finding function.
The court providently exercised its discretion in denying defendant's motion for a mistrial based on allegedly prejudicial testimony. The court sustained defendant's objection and curtailed the testimony, before the witness had a chance to say anything that could have caused any prejudice. Thus, the drastic
remedy of a mistrial was not warranted (see People v Santiago , 52 NY2d 865 [1981]; see also People v Young , 48 NY2d 995 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK