People v Brown (2018 NY Slip Op 08973)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Brown

2018 NY Slip Op 08973

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

109169

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vTHEODORE BROWN, Appellant.

Calendar Date: November 16, 2018
Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Justin C. Brusgul, Voorheesville, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Lucas W. Finley of counsel), for respondent.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Broome County (Pelella, J.), rendered December 2, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
On October 31, 2013, a police investigator applied for and obtained a search warrant authorizing a search of defendant's home and person based, in part, upon a sworn statement from a confidential informant (hereinafter CI) regarding defendant's possession and distribution of heroin. That same day, defendant was located at a local motel, where, upon execution of the search warrant, he was found to have in his possession 92 red wax bags containing heroin and a knotted wrap of crack cocaine. Defendant's home was subsequently searched and a digital scale was discovered. Defendant was ultimately indicted on two counts of criminal possession of a controlled substance in the third degree (possession with intent to sell) (see Penal Law § 220.16 [1]).
As part of his omnibus motion, defendant sought to suppress the physical evidence on the basis that probable cause did not exist to support the search warrant. County Court (Smith, J.) denied that motion. Thereafter, in exchange for a negotiated sentence and in full satisfaction of the indictment, defendant pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree. In accordance with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 4½ years, followed by three years of postrelease supervision. Defendant now appeals, and we affirm.
Defendant asserts that the evidence seized from his person and from his home should have been suppressed because there was insufficient evidence in the search warrant to establish the reliability of the CI and the basis of the CI's knowledge. We disagree. Contrary to defendant's contention, the Aguilar-Spinelli test is inapplicable because the CI's name was disclosed to County Court in the CI's sworn statement accompanying the search warrant [*2]application (see People v Shoga, 89 AD3d 1225, 1230 [2011], lv denied 18 NY3d 886 [2012]; People v Banks, 14 AD3d 726, 727 [2005], lv denied 4 NY3d 851 [2005]; People v David, 234 AD2d 787, 787-788 [1996], lv denied 89 NY2d 1034 [1997]).
A search warrant is properly issued when the application provides "sufficient information 'to support a reasonable belief that evidence of a crime may be found in a certain place'" (People v German, 251 AD2d 900, 901 [1998], lv denied 92 NY2d 897 [1998], quoting People v McCulloch, 226 AD2d 848, 849 [1996], lv denied 88 NY2d 1070 [1996]; see People v Schaefer, 163 AD3d 1179, 1180 [2018], lv denied 32 NY3d 1007 [2018]). Our review of the search warrant application reveals that it was supported by sworn statements from both the investigator and the named CI. The investigator's statement set forth his background and experience in investigating and surveilling hundreds of individuals engaged in narcotics trafficking, as well as his participation in the execution of approximately 1,000 search warrants. He asserted that there was reason to believe that heroin may be found at defendant's home address, which was provided with specificity. As the basis for his belief, the investigator stated that defendant had been previously convicted of drug charges, that defendant had given the provided address to police as his home and that a fellow investigator had confirmed that defendant's last name appeared on the mailbox for that address. The investigator also indicated that, within the two weeks preceding the application, the Broome County Narcotics Task Force had directly supervised a controlled buy of a quantity of heroin from defendant, whom the CI observed "coming from the back porch" of the stated address.
In addition, the CI's sworn statement was provided to County Court in unredacted form at the time that the search warrant application was presented and again in connection with defendant's suppression motion [FN1]. The statement included the CI's identity and date of birth, the substantial length of time that the CI had known defendant and the details of the CI's prior encounter with defendant — specifically, the CI's purchase of two bags of heroin from defendant and his observation of defendant with a "bag full of bundles of heroin" and an "8 ball of cocaine." Statements from the investigator and the CI established that the CI had been shown a photograph of defendant and had confirmed defendant's identity as the seller of the narcotics. Upon a review of the warrant application and accompanying sworn statements, we find that it provided sufficient information to reasonably believe that heroin and/or paraphernalia commonly associated with the possession and sale of controlled substances would be found on defendant's person and in his home (see People v Sall, 295 AD2d 812, 813 [2002], lvs denied 98 NY2d 766, 771, 772, 773 [2002]; People v Banks, 14 AD3d at 727; People v David, 234 AD2d at 788-789). Accordingly, as the application provided probable cause for the issuance of the search warrant, County Court properly denied defendant's motion to suppress the physical evidence found on his person and in his home.
Defendant further contends that he should have been granted a Darden hearing. However, this issue is not preserved for our review. Although defendant requested a Darden hearing in the notice of motion accompanying his omnibus motion, he did not set forth a factual basis for such hearing (see People v Hamilton, 276 AD2d 715, 716 [2000], lv denied 96 NY2d 759 [2001]; see generally People v Mendoza, 82 NY2d 415, 421-422 [1993]). Moreover, County Court did not address defendant's request in its decision on the motion to suppress and, "[b]y acquiescing in the lack of a ruling," defendant effectively abandoned any request for a Darden hearing (People v Bigelow, 68 AD3d 1127, 1128 [2009], lv denied 14 NY3d 797 [2010]; see People v Green, 90 AD3d 1151, 1152 [2011], lv denied 18 NY3d 994 [2012]). To the extent that we have not addressed any of defendant's contentions, they have been reviewed and found to be without merit.
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the judgment is affirmed.
Footnotes

Footnote 1: This Court has obtained and reviewed an unredacted copy of the CI's sworn statement.