■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR KOHLER, Appellant.—Judgment unanimously affirmed. Memorandum: The sentence imposed was not harsh and excessive. Defendant received the sentence for which he had freely bargained *(see, People v Farrar*, 52 NY2d 302, 305-306; *People v Martinez*, 124 AD2d 505, 506). We have considered the remaining issues raised by defendant in his *pro se* supplemental brief and find each one of them to be lacking in merit. (Appeal from judgment of Erie County Court, Drury, J. —sodomy, first degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL PROUT, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with the findings of the suppression court and with its conclusion that defendant was not in custody when he was in the police car at the scene of the fire. The statements made at that time, therefore, were admissible even though they were made before defendant was given his *Miranda* warnings.

The court's charge defining custody was correct *(see, People v Yukl*, 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 883, *cert denied* 400 US 851) and its charge on reasonable doubt, when viewed as a whole, does not warrant reversal *(see, People v Man Lee Lo*, 118 AD2d 225, 232; *People v Navarro*, 104 AD2d 958, 959; *People v Webb*, 97 AD2d 779).

Defendant failed to preserve for our review his contention that it was error to permit the District Attorney, who was present when defendant gave his statement to the police, to testify concerning the voluntariness of that confession *(see, People v Paperno*, 54 NY2d 294, 303). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—murder, second degree; arson, second degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.