OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*892 The police officer’s observations of the defendant in this case provided him with an "objective credible reason” to approach the defendant and ask him questions about his destination and identity (see, People v Hollman, 79 NY2d 181 [decided today]; People v De Bour, 40 NY2d 210, 223). The police officer’s request to search the defendant’s bag was improper, however, because it was not based on a "founded suspicion that criminal activity [was] afoot” (People v Hollman, supra, at 191; People v De Bour, supra, at 223). Because the defendant’s consent was a product of the improper police inquiry, the trial court erred when it found that the defendant had consented to the search of his bag (see, People v Hollman, supra, at 194).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Order affirmed in a memorandum.