■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. ALSTON, Appellant. [597 NYS2d 823] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 23, 1990, upon a verdict

convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant questions the propriety of police conduct leading to his arrest on narcotics charges. Testimony adduced at the suppression hearing established that on September 21, 1989, the police received phone tips from two different informants regarding drug sales in Columbia Park, an area in the City of Binghamton, Broome County, known for a high incidence of narcotics trafficking. The first call, received by Investigator William Yeager in the late afternoon, came from a known individual who had provided confidential information in the past; he identified defendant by name and informed Yeager that defendant was selling drugs in the park. The second caller was a concerned citizen who gave his name, but who had not previously provided information of this nature; he stated that a Black male, wearing red, was selling drugs in the park area. This call came at approximately 10:00 P.M., and was taken by Investigator John Fian, who relayed the information over the police radio.

On the basis of this information, Yeager and his fellow investigator, Gerald Kushner, proceeded to the park where they observed defendant—who in the past had served as a confidential informant and was thus known to both of the officers—near the center of the park, surrounded by 5 or 6 people. The officers testified that this was unusual behavior for defendant, who had always appeared to be "a loner" in the past. Furthermore, Kushner recognized several of the people around defendant as having used or purchased narcotics in the past. The officers also noticed that defendant was wearing a red shirt or sweater and, at that point, they decided to approach him casually and question him about the information they had received. Defendant did not flee or appear nervous at the officers' approach. When Kushner informed defendant that they had been told he was selling drugs and asked if they could search him, defendant assented, but also indicated that the individuals who were walking away were the ones who actually had the drugs. The officers then reiterated that the information they had received pertained to him and asked again for permission to search. When he again consented and began taking things out of his pockets, Yeager noticed that there was something in defendant's pocket that he was not removing. Yeager thereupon reached into the pocket and discovered several vials which were later found to contain cocaine.

The premise underlying defendant's motion to suppress the physical evidence is that the officers had no justification for approaching defendant as they did and, in particular, for asking permission to search his person. Following denial of the motion, defendant was ultimately convicted of criminal possession of a controlled substance in the third and fourth degrees and sentenced to concurrent prison terms of 4½ to 9 years. Claiming that his motion was wrongfully denied, defendant appeals.

The officers' approach and request to search defendant, although rising above the level of a simple request for information, was nonetheless no more than a common-law inquiry. Such a request must be based, as it was, on information sufficient to support a "founded suspicion" that criminal activity was being perpetrated (*People v Hollman,* 79 NY2d 181, 191). The two phone calls, coupled with defendant's unusual behavior in an area known for narcotics activity (*see, People v Martinez,* 80 NY2d 444, 448; *People v Oden,* 36 NY2d 382, 385), provided an adequate basis for the officers' request to search. In fact, similar information has been considered sufficient to create a reasonable suspicion justifying even more intrusive police conduct, that of a forceable stop (*see, People v Dayter,* 112 AD2d 643, 645, *lv denied* 66 NY2d 614). Inasmuch as the request was appropriate and there is no basis for a finding that defendant's consent to the search of his person was other than intelligently and voluntarily given, the suppression motion was properly denied.

Weiss, P. J., Mikoll, Levine and Casey, JJ., concur. Ordered that the judgment is affirmed.