■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK C. BATTAGLIA, Appellant. [615 NYS2d 171] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the police lacked sufficient justification to request his consent to search the trunk of his vehicle. An officer's observation that the vehicle was proceeding the wrong way on a one-way street justified the stop of the vehicle. In response to a request for identification, the driver gave a false name. The officer then asked defendant, who was the owner of the vehicle and who was seated in the backseat, if the officer could search the trunk of the vehicle. Defendant consented to the search, instructed the driver to press a button in the glove box that released the trunk lid, and exited the vehicle and held the trunk lid up as the officer inspected the contents of the trunk.

We agree with defendant that the officer's request for

consent to search the trunk was an exercise of the common-law right of inquiry (see, People v Irizarry, 79 NY2d 890, 892; People v Carter, 199 AD2d 817, 819; People v Alexander, 189 AD2d 189, 195). We conclude, however, that the driver's conduct in giving the officer a false name heightened the officer's level of suspicion and justified further inquiry, in this case, the request for consent to search (see, People v Carter, supra). (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.