■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR R. TEJEDA, Appellant. [630 NYS2d 160] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the second degree in satisfaction of an indictment charging him with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). That charge arose

from the search of defendant's automobile and seizure of cocaine from the trunk after State Troopers stopped the automobile on the Thruway for leaving a service area without paying in full for gasoline. Defendant contends that County Court erred in denying his motion to suppress oral statements made by him at the scene of the stop, the drugs seized as a result of a warrantless search of his vehicle and the oral statements he made after he was arrested and advised of his *Miranda* rights.

The investigatory stop of defendant's vehicle was lawful based upon the information that one of the Troopers had received on his police radio about a theft of gasoline involving a vehicle matching the description of the automobile being operated by defendant. That Trooper's initial approach and inquiry, to seek the identity of the driver and to request his license and registration, were permissible and reasonable in furtherance of that stop *(see, People v Alexander,* 189 AD2d 189, 194). Absent a "founded suspicion" of criminal activity, however, the police may not proceed to the next level of confrontation, the "common-law inquiry", which involves "invasive questioning" focusing on the "possible criminality" of the subject *(People v Hollman,* 79 NY2d 181, 191, 192). The justification for the Troopers' initial detention of defendant had not been exhausted at the time that the Troopers developed a founded suspicion to ask defendant questions unrelated to the gas larceny and, ultimately, for consent to search defendant's vehicle. The Troopers were properly holding defendant for a show-up identification by the gas station attendant for defendant's suspected gas larceny. Unlike the Troopers in *People v Banks* (85 NY2d 558), who had exhausted their initial justification for detaining the defendant and needed reasonable suspicion for continued detention, the Troopers in this case legally detained defendant and needed only founded suspicion to make further inquiries of him *(see, People v Sora,* 176 AD2d 1172, 1173, *lv denied* 79 NY2d 864).

An officer's request for consent to search a stopped vehicle must likewise be justified by a founded suspicion that criminal activity is afoot *(see, People v Carter,* 199 AD2d 817, 819). We conclude that the request by the Troopers to search defendant's car was justified by their founded suspicion that criminal activity was afoot based upon defendant's illogical and suspicious responses to their initial inquiries *(see, People v Battaglia,* 206 AD2d 916, 917, *affd* 86 NY2d 755). In addition, although defendant testified at the suppression hearing that he did not consent to the search of his vehicle, one of the Troopers testi-

fied that defendant did consent to the search. The issue was one of credibility and the court expressly found defendant's testimony to be less credible than that of the Trooper. Thus, the court properly denied the motion of defendant to suppress both his oral statements to the police as well as the drugs found in the trunk of his automobile.

The sentence, which was agreed upon as part of defendant's plea, is not unduly harsh or severe *(see, People v Kohler,* 147 AD2d 937, *lv denied* 73 NY2d 1017). (Appeal from Judgment of Oneida County Court, Merrell, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.