■ In the Matter of CHRISTINE E., a Person Alleged to be a Juvenile Delinquent, Appellant. [728 NYS2d 429] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about October 25, 1999, which adjudicated appellant a juvenile delinquent, upon a determination that appellant had committed acts constituting two counts of unlawful possession of weapons by a person under 16, and placed her with the Office of Children and Family Services for a period of one year, unanimously reversed, on the law and the facts, without costs, and the petition dismissed. Appeal from order, same court and Judge, entered on or about June 16, 1999, unanimously dismissed, without costs.

Appellant Christine E., 15 years old at the time, was the youngest of six persons present in a three-bedroom apartment where weapons were found by a City Marshal who went to the apartment to perform an eviction. Appellant, who, unlike the other occupants, did not live in the apartment, was sitting on a couch in the living room when the Marshal entered the apartment, and stayed there throughout the Marshal's search. Immediately after entering the apartment, the Marshal looked into a doorless bedroom to his left, and noticed someone sleeping on a bed. Near the person, on the floor, was an open box of ammunition. In addition to the person sleeping on the bed, there were other persons in the bedroom. After seeing the box of ammunition, the Marshal saw a safe, which looked locked when he saw it, but was not. Upon opening it, he found three guns and ammunition inside. The Marshal then walked down a hallway approximately 25 or 30 feet long at the end of which was the living room. To the right, there was another bedroom. The Marshal saw a person in that bedroom, and found a gun inside a dresser drawer as well as more ammunition. In another bedroom, the Marshal found a person sleeping and more ammunition.

The parties stipulated that two of the guns found inside the safe as well as ammunition for them were operable; that none of the guns classified as machine guns so that the statutory presumption of possession contained in Penal Law § 265.15 (1) did not apply; and that the other persons arrested in the apartment were all over the age of 16.

After a fact-finding hearing, Family Court found appellant had committed the two possession counts, on the basis of constructive possession. We reverse and dismiss the petition because the court's finding was not based on legally sufficient evidence and was against the weight of the evidence.

Generally, a charge of constructive possession of a weapon is supported where the defendant exercised dominion or control over the weapon or the area where the weapon was found (*see, People v Manini*, 79 NY2d 561, 573). The presentment agency has a heavy burden of establishing constructive possession where, as in this case, weapons are found, not in plain view, in an area occupied by several people, and no one individual could be said to have dominion or control over the weapons (*see People v Roberson*, 41 NY2d 106, 109).

Here, there is no evidence that appellant even knew of, let alone exercised dominion or control over, the guns found in the apartment (*see, People v Edwards*, 206 AD2d 597, *lv denied* 84 NY2d 907). None of the ammunition was in the room where appellant was seated. None of the guns was in the room where appellant was seated. Each was enclosed, either in a closed unlocked safe or a closed dresser drawer. None was in plain view (*compare, People v Bundy*, 90 NY2d 918 [weapons and other contraband defendant was found to have constructively possessed were in plain view]).

There is also no evidence that appellant exercised control or dominion over the apartment (*see, People v Headley*, 143 AD2d 937, *affd* 74 NY2d 858). The record discloses only that she was seated on a couch. No keys to the apartment were found in her possession, and no property belonging to her was found inside the apartment (*see, People v Casanova*, 117 AD2d 742). Appellant did not object to the search of the apartment, but remained on the couch. Under these circumstances, appellant's mere presence in the living room of the apartment is insufficient to establish that she exercised control over the bedrooms where the guns were hidden, let alone the entire apartment.

Accordingly, the evidence, even when viewed in the light most favorable to the presentment agency (*see, People v Williams*, 84 NY2d 925), does not support a finding that appellant possessed the guns found in the apartment. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.