■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN V. COUTANT, JR., Appellant. [790 NYS2d 589]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 26, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On April 15, 2002, at approximately 2:30 A.M., Police Officer Brian Laskowski and his partner were on routine patrol in their police vehicle traveling westbound on Clay Hill Road in the Town of Rochester, Ulster County, when they observed a vehicle parked on the road surface in the eastbound lane of the highway. The officers made a U-turn and pulled up behind the vehicle. Laskowski approached the driver's side of the vehicle and observed defendant in the front passenger seat, apparently sleeping, wearing only a hockey jersey, thigh-high stockings and a condom. He also observed women's underwear on the driver's seat, magazines—which appeared to be pornographic—on the front and back seats and blankets in the rear seat. Laskowski knocked on the window, waking defendant, instructed him to put his pants on, requested identification and asked him to exit the vehicle. When asked where he was coming from and his destination, defendant's response was inconsistent with his location and, upon further inquiry, defendant stated that he was just "driving around." Defendant then voluntarily performed and passed a field sobriety test and then consented to a search of the vehicle. During the ensuing search, the officer discovered a box of ammunition, a bag containing marihuana pipes and a loaded .22-caliber handgun under and to the rear of the driver's seat. Defendant was placed under arrest, read *Miranda* warnings and taken to the police station, where he admitted that he had purchased the handgun for $25, intending to sell it for $100.

Defendant was charged with criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree and public lewdness. He moved to suppress the physical evidence and his statement on the ground that the search and seizure had been unlawful. Following a suppression hearing, County Court denied defendant's motion finding that the police had reason to question defendant and, based on their observations at the scene, reason to believe that criminal activity might have taken place. The court further found

that defendant consented to the search of his vehicle. Defendant thereafter pleaded guilty to criminal possession of a weapon in the third degree and was sentenced, as a second felony offender, to 2¹/₂ to 5 years in prison. Defendant now appeals.

We affirm, unpersuaded that County Court erred in denying defendant's motion to suppress. Having observed a traffic infraction—the vehicle parked in the roadway—Laskowski was justified in approaching defendant's stopped vehicle (*see People v Nelson*, 266 AD2d 730, 731-732 [1999], *lv denied* 94 NY2d 865 [1999]). His observation of defendant, upon approaching the vehicle, provided founded suspicion that criminal activity was afoot (*see People v Hollman*, 79 NY2d 181, 191-192 [1992]; *People v Marshall*, 5 AD3d 42, 45 [2004], *lv denied* 2 NY3d 802 [2004]) and, under these circumstances, he was justified in his request to conduct a search of the vehicle (*see People v Battaglia*, 86 NY2d 755, 756 [1995]; *People v Brito*, 244 AD2d 631, 631 [1997], *lv denied* 91 NY2d 924 [1998]). Contrary to defendant's claim, the officer acquired founded suspicion before the initial justification for detaining defendant had been exhausted (*see People v Brito, supra*; *People v Tejeda*, 217 AD2d 932, 933 [1995], *lv denied* 87 NY2d 908 [1995]; *cf. People v Banks*, 85 NY2d 558, 562 [1995], *cert denied* 516 US 868 [1995]). Following defendant's consent to the search, he was advised of his *Miranda* rights and thereafter voluntarily made a statement. Accordingly, we find that County Court properly denied defendant's motion to suppress.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.