834

[840 NE2d 106, 806 NYS2d 137]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD L. DUNBAR, Respondent.

Argued September 8, 2005; decided October 20, 2005

■■■■■■■■■■■■■■■■■■■■■■■■■■

**APPEARANCES OF COUNSEL**

*William J. Fitzpatrick, District Attorney*, Syracuse (*Audra Albright* and *James P. Maxwell* of counsel), for appellant.

*Lawrence A. Wangerman*, Syracuse, for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

The suppression court, affirmed by the Appellate Division, held that the police did not have a founded suspicion that criminal activity was afoot, as needed in order to engage in the more extended, accusatory questioning attendant to a common-law inquiry. As we held in *People v Hollman* (79 NY2d 181, 191-192 [1992]), a consent to search will not be upheld unless the request to search is supported by a founded suspicion of criminality (*see also People v Tejeda*, 217 AD2d 932 [4th Dept 1995]; *People v Carter*, 199 AD2d 817 [3d Dept 1993]; *People v Alston*, 193 AD2d 883 [3d Dept 1993]; *People v Boyd*, 188 AD2d 239 [1st Dept 1993]). Here, as the courts determined, defendant granted the police permission to search his person and his car only after questioning that might reasonably have led him to believe that he was suspected (without a founded suspicion) of criminality.

When, as here, there is support in the record for the lower courts' undisturbed finding as to the lack of a founded suspicion of criminality, our review is at an end.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.