THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY A. SAWYER, Appellant. [804 NYS2d 142]—

Kane, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered August 9, 2004, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the second degree.

Police found methamphetamine, along with substances and equipment used to produce it, in a trailer owned by defendant's

girlfriend, where she and defendant resided. As a result, defendant was indicted for, and convicted of, the crime of criminal possession of a controlled substance in the second degree. He now appeals.

Because defendant's motion papers failed to include factual allegations to support his conclusory assertions that the search of his girlfriend's trailer was illegal, or that he had standing to contest the search, County Court appropriately denied his suppression motion without a hearing (see CPL 710.60 [1], [3] [b]; People v Jones, 95 NY2d 721, 725 [2001]; People v Wesley, 73 NY2d 351, 358-359 [1989]).

County Court also properly permitted the prosecution to elicit testimony regarding the substances that police found when they stopped defendant's grandfather's car, in which defendant was a passenger, four days after the methamphetamine was discovered in the trailer. Those substances were legal to possess, but were all ingredients used to produce methamphetamine. Possession of those substances was relevant and admissible as evidence of defendant's knowledge of and intent to possess methamphetamine (see People v Wright, 5 AD3d 873, 875-876 [2004], lv denied 3 NY3d 651 [2004]; People v Brown, 221 AD2d 822, 823 [1995]), especially considering the circumstances in the trailer indicating that the drug was being manufactured there.

The People proved that defendant constructively possessed the methamphetamine solution. A charge based on constructive possession requires proof that "the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found" (People v Manini, 79 NY2d 561, 573 [1992]; see People v David, 234 AD2d 787, 788-789 [1996], lv denied 89 NY2d 1034 [1997]). A neighbor, who was also the aunt of defendant's girlfriend, testified that defendant lived in the trailer with his girlfriend, was there almost every day and was on the property on the day that the police found the methamphetamine. Three months earlier, when a police officer went to the trailer, defendant answered the door. When the police officers conducted their search, they saw men's clothing inside the trailer, including in the bedroom, providing corroboration that a man lived there. Although the defense implied that the girlfriend's male cousin stayed in the trailer sometimes, the aunt testified that he did not. Viewing the evidence in a light most favorable to the People, this proof demonstrated that defendant exercised sufficient control over the property so as to be in constructive possession of the controlled substance found in plain sight in the bedroom (see People v Manini, supra at 574; People v David, supra at 789).

Defendant was not entitled to have the lesser included offense of criminal possession of a controlled substance in the seventh degree submitted to the jury, because there is no reasonable view of the evidence that would support a finding that he committed the lesser offense but did not commit the greater offense (*see* CPL 300.50 [1]). The chemist's testimony and report provided uncontradicted evidence that the methamphetamine mixture removed from the trailer weighed more than 2.3 ounces (*see* Penal Law § 220.18 [2]). Under the circumstances, no reasonable view of the evidence would support a finding that defendant possessed the controlled substance methamphetamine, but did not possess two ounces or more of it (*see People v Berry*, 5 AD3d 866, 867 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Carolina*, 112 AD2d 244, 245 [1985], *lv denied* 66 NY2d 917 [1985]).

Defendant failed to request a circumstantial evidence charge and did not object to admission of five photographs; those issues are therefore not preserved for our review. His remaining contentions lack merit.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.