■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KELLY, Appellant. [829 NYS2d 259]—

Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 25, 2004, convicting defendant upon his plea of guilty of 10 counts of the crime of burglary in the second degree.

During the summer of 2003, a series of burglaries occurred in southern Ulster County in which the perpetrators used crowbars to enter homes during the day. Based on information received from neighbors of the burglarized homes, police began looking for a gold Honda with a moonroof driven by a white male and

containing a female fitting a unique description. A few days later, a State Trooper stopped defendant's car, which matched the description of the car suspected of involvement in the burglaries, after defendant failed to signal a turn. Within a minute, and while the Trooper was still speaking with defendant, an investigator arrived and approached defendant's car. During the ensuing conversation, defendant told the officers that he had just dropped off a friend, provided a description of her which matched the woman police were looking for and stated that he had been on parole for burglary. Defendant offered to allow the officers to search his car, revealing gloves and two crowbars. This entire roadside encounter lasted between three to five minutes. After defendant voluntarily accompanied the officers to the police barracks, he made incriminating statements and confessed to committing several burglaries.

Following his indictment on 10 counts of burglary in the second degree, defendant moved to suppress evidence seized from his car and home and his statements to police. When County Court denied the motion, defendant pleaded guilty to all 10 counts of the indictment. On appeal, he contests the denial of his suppression motion based on the propriety of the roadside encounter and the sentence imposed.

County Court properly denied defendant's suppression motion. The Trooper was permitted to stop defendant's vehicle and approach him as a result of a traffic violation, his failure to signal a right-hand turn (*see* Vehicle and Traffic Law § 1163 [a], [b]; *People v Tejeda*, 217 AD2d 932, 933 [1995], *lv denied* 87 NY2d 908 [1995]). In addition to the traffic stop being justified at its inception, the limited seizure of the vehicle's occupant "must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance," unless circumstances arise which furnish the police with a founded suspicion that criminal activity is afoot (*People v Banks*, 85 NY2d 558, 562 [1995]; *see People v Hofelich*, 31 AD3d 882, 885 [2006], *lv denied* 7 NY3d 867 [2006]). Under the reasonableness standard, the information that defendant provided during the brief roadside stop created a founded suspicion justifying further inquiry (*see People v Sora*, 176 AD2d 1172, 1173 [1991], *lv denied* 79 NY2d 864 [1992]). As the record does not indicate that a reasonable time had passed to permit a check on defendant's license and issue a ticket in the few minutes since the car was stopped, the officers' founded suspicion developed before the justification for the initial stop and detention was exhausted (*see People v Coutant*, 16 AD3d 772, 774 [2005]; *People v Tejeda, supra* at 933). Defendant

volunteered to allow a search of his trunk, revealing instruments likely connected with the burglaries. As the initial traffic stop was proper and the officers' founded suspicion arose through the scope of reasonable questioning during that brief stop, the evidence obtained thereafter was admissible.

County Court's imposition of concurrent prison sentences of 12½ years plus five years of postrelease supervision was not harsh or excessive, considering that the court could have imposed consecutive 15-year sentences for each of these daytime residential burglaries.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.