■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE OLDACRE, Appellant. [861 NYS2d 444]—

Spain, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered September 29, 2004, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree and the violation of unlawful possession of marihuana.

On the afternoon of November 21, 2003, Robert Charles, a criminal investigator with the Department of Homeland Security assigned to investigate border crimes, approached defendant outside a hotel in the City of Plattsburgh, Clinton County, and asked to speak with him. The investigator had been conducting surveillance of defendant since the day before after receiving a tip from an informant. Ultimately, the investigator found a bag of what he suspected to be marihuana—and tests later confirmed it was 15.9 ounces of marihuana—in defendant's backpack, and then escorted defendant to room 420 of the hotel where his codefendant, Melissa Myers, had been awakened by

another agent who was already present in the room. The agents searched the luggage and room and found four small bags containing rocks of crack cocaine; the cocaine, which had an aggregate weight of seven grams, was found inside a closed camera bag, which also contained a roll of approximately $500 in cash and Myers' identification. Defendant and Myers were then arrested and read their *Miranda* rights.

After a *Mapp* hearing, County Court denied defendant's motion to suppress the drugs and other evidence. The court, however, precluded the People from introducing any of defendant's statements to police after the discovery of the marihuana in his backpack, based upon the People's failure to provide timely CPL 710.30 notification. As a result, no *Huntley* hearing was held. Prior to defendant's trial, Myers entered a plea of guilty to criminal possession of a controlled substance in the third degree, the sole count against her, admitting she possessed the cocaine in her camera bag with intent to sell it. After a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree for possessing the cocaine found in the camera bag with intent to sell it, and unlawful possession of marihuana. He was sentenced, as a second felony offender, to a prison term of 5 to 10 years on the cocaine possession charge and to a concurrent 15-day term for the marihuana charge. Defendant now appeals, challenging the court's *Mapp* ruling and the sufficiency and weight of the evidence supporting the cocaine possession charge.

With regard to County Court's *Mapp* ruling in which it credited the agent's testimony, we find no error in the denial of defendant's motion to suppress the drugs found in his backpack or in the camera bag. Charles testified that he had conducted surveillance of defendant and Myers driving to various locations for stops of short duration the evening prior, had learned from hotel employees that the occupants of room 420 had paid cash for the room and had no checkout date and, as defendant walked past him in the lobby, he smelled unburned marihuana. He approached defendant in the parking lot, displayed his badge and asked if defendant would speak to him (defendant said "yes"); he then asked, "Do you smoke dope?" (defendant said "yes") and if defendant had any on him (defendant hesitated and then indicated he had some in his backpack). We agree that, after the initial request to speak, the agent's "inquiry focus[ed] on the possible criminality of [defendant]"—a level two *De Bour* inquiry—which was justified as the agent had a "founded suspicion that criminality [was] afoot" (*People v Hollman*, 79 NY2d 181, 191 [1992]). Given that founded suspicion, the agent's subse-

quent request to search defendant's backpack, to which defendant consented, was likewise a proper component of a level two inquiry (*see id.* at 191-192; *cf. People v Dunbar*, 5 NY3d 834, 835 [2005]; *People v Irizarry*, 79 NY2d 890, 892 [1992]).

To the extent that defendant challenged, as involuntary, his consent to search his backpack and room 420, we find no merit. When asked if the agent could search his backpack, which defendant had placed at his feet, defendant agreed, and Charles found the bag of marihuana in the backpack. While Charles had been joined by another agent standing nearby, their weapons remained concealed, defendant was not in custody, and the nonthreatening, public circumstances of the encounter support the finding that defendant's consent to search his backpack was indeed voluntary.

Charles conceded that once he found marihuana in defendant's backpack, defendant was not free to leave although he did not advise him of his *Miranda* warnings or arrest him at that point. Instead, Charles asked defendant if he was a guest in the hotel (defendant said "yes"), and then asked if there was any more marihuana in room 420, to which defendant said "no"; Charles then inquired if the agents could take a look in the room and defendant consented. While the Fourth Amendment protects guests in a hotel room (*see People v Brown*, 95 AD2d 569, 571 [1983]), whether a person has voluntarily consented to the search of a hotel room or home depends upon a variety of factors, none of which is determinative (*see People v Gonzalez*, 39 NY2d 122, 127-130 [1976]). The fact that defendant was in custody is relevant but is not dispositive (*id.* at 128). While defendant was not advised of his right to refuse consent, defendant had a relevant criminal history and was cooperative, and the atmosphere was not one of "overbearing official pressure," i.e., only two agents were present, no weapons were drawn, defendant was not handcuffed, the encounter was in public, midday, and there was no physical intimidation (*id.* at 128-130).

Under all of the circumstances, we agree with County Court's conclusion that defendant's consents to search were voluntary (*see People v Edwards*, 46 AD3d 698, 699 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Gittens*, 34 AD3d 693, 694 [2006], *lv denied* 8 NY3d 880 [2007]; *cf. People v McKenzie*, 263 AD2d 778, 779 [1999], *lv denied* 93 NY2d 1045 [1999]). Further, the court correctly ruled that while the People failed to prove at the hearing that Myers had consented to the agent's entry into the room moments before Charles arrived with defendant, since defendant had validly consented to the search of the room, the search results were admissible under the "inevitable discovery" doctrine (*see People v Turriago*, 90 NY2d 77, 86 [1997]).

We now turn to defendant's challenge to the legal sufficiency and weight of the evidence supporting his conviction for knowingly possessing the crack cocaine with intent to sell it under count one. Initially, defense counsel's generalized motion to dismiss this count after the close of the People's case (renewed after defendant rested) was inadequate to preserve the particular claims now raised on appeal regarding the sufficiency of the proof of his dominion and control over the hotel room or his intent to sell the cocaine (*see People v Finger*, 95 NY2d 894, 895 [2000]). However, given defendant's parallel challenge to the weight of the evidence, we have reviewed his legal sufficiency claim and exercise our interest of justice jurisdiction to reverse the conviction on this count.

On the issue of defendant's knowing possession, the cocaine in issue was found inside the camera bag in the hotel room. As such, defendant did not have actual physical possession and the drugs were not in plain view (*see People v Bundy*, 90 NY2d 918 [1997]; *People v Sawyer*, 23 AD3d 845, 845 [2005], *lv denied* 6 NY3d 852 [2006]; *People v Banks*, 14 AD3d 726, 727 [2005], *lv denied* 4 NY3d 851 [2005]; *People v Elhadi*, 304 AD2d 982, 982-983 [2003], *lv denied* 100 NY2d 580 [2003]); thus, the People were compelled to prove that defendant constructively possessed the secreted drugs, i.e., exercised dominion and control over the hotel room or Myers. They adduced adequate proof as to neither.

Myers, who had pleaded guilty to possessing cocaine but had not yet been sentenced, testified under a subpoena that she and defendant had stayed in the room together for two nights, that the camera bag, camera, money and identification card found inside the camera bag were hers, but denied the cocaine was hers or knowing to whom it belonged; she testified she had entered a guilty plea to criminal possession because she had a prior drug related history. No hotel employees testified. The room was not registered in defendant's or Myers' name but, rather, in the name of a woman who defendant had indicated was a relative—who agents were unable to locate at the address given—and no other persons were seen coming and going from that room. No evidence was adduced that any of defendant's clothing or belongings were found in the room, that he had a key to the room or had even given Myers money to pay for the room, or that he knew there was cocaine in her camera bag.

Even viewing the evidence in the light most favorable to the prosecution, and giving the People the benefit of every reasonable inference (*see People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Contes,* 60 NY2d 620, 621 [1983]), we cannot find that

they established beyond a reasonable doubt that defendant exercised dominion and control over the hotel room (or Myers) and, thus, constructively possessed the cocaine found in the closed camera bag (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573-575 [1992]; *cf. People v Tarver*, 292 AD2d 110, 113-114 [2002], *lv denied* 98 NY2d 702 [2002]).

While possession may be joint (*see People v Tirado*, 38 NY2d 955, 956 [1976]; *People v Elhadi*, 304 AD2d at 984), the link between defendant, the hotel room and the secreted drugs was insufficient (*see Matter of Christine E.*, 284 AD2d 167, 168 [2001]; *cf. People v Arrington*, 31 AD3d 801, 803 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Sawyer*, 23 AD3d 845, 846 [2005], *lv denied* 6 NY3d 852 [2006]; *People v Banks*, 14 AD3d at 727). Neither the fact that defendant came and went from the hotel room, nor any conduct observed during the police surveillance, nor the list of first names with figures next to the names found in defendant's wallet in his pocket (which the agents speculated could be the debts owed by known cocaine users or sellers) established defendant's exercise of dominion and control over the hotel room, Myers or the camera bag.

Similarly, weighing the evidence in a neutral light, the finding of defendant's constructive possession of the cocaine was not supported by the weight of evidence (*see People v Bleakley*, 69 NY2d at 495). Thus, defendant's conviction for criminal possession of a controlled substance should be reversed and that count dismissed. Defendant's remaining claims need not be addressed.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of the crime of criminal possession of a controlled substance in the third degree under count one of the indictment; said count dismissed and sentence imposed thereon vacated; and, as so modified, affirmed.