The People of the State of New York, Respondent, v Kevin L. McCarley, Appellant. [865 NYS2d 459]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 26, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that County Court erred in refusing to suppress evidence seized as the result of a traffic stop. Defendant concedes that the police lawfully stopped his vehicle for alleged traffic violations. He contends, however, that he produced his driver's license, registration and insurance card at the officer's request and answered the officer's initial questions, and that the officer thus lacked a founded suspicion of criminal activity to justify further questioning of defendant in an accusatory manner concerning issues that were unrelated to the alleged traffic violations. We reject that contention. The officer's initial request for documentation and the officer's initial questions were permissible and reasonable, in furtherance of the valid traffic stop (*see People v Alexander,* 189 AD2d 189, 194 [1993]). The officer's further questions concerning defendant's destination and point of origin were also "basic, nonthreatening questions" consistent with a request for information supported by an articulable basis, i.e., the valid traffic stop (*People v Ocasio,* 85 NY2d 982, 985 [1995]; *see People v Hollman,* 79 NY2d 181, 185 [1992]). Upon receiving what the officer determined to be suspicious answers from defendant, the officer developed "a 'founded suspicion' of criminal activity" and properly proceeded

to the next level of confrontation, involving " 'invasive questioning' focusing on the 'possible criminality' of the subject" (*People v Tejeda,* 217 AD2d 932, 933 [1995], *lv denied* 87 NY2d 908 [1995], quoting *Hollman,* 79 NY2d at 191).

Contrary to the further contention of defendant, his "illogical and suspicious responses" to the officer's inquiries further justified the officer's request to search defendant and the vehicle (*Tejeda,* 217 AD2d at 933).

Based on the totality of the circumstances, we reject the contention of defendant that his consent to the search was involuntary (*see generally Schneckloth v Bustamonte,* 412 US 218, 224-226 [1973]; *People v Gonzalez,* 39 NY2d 122, 128 [1976]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.