People v Russ (2020 NY Slip Op 02565)





People v Russ


2020 NY Slip Op 02565


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


326 KA 16-02340

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALI T. RUSS, DEFENDANT-APPELLANT.






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered September 7, 2016. The judgment convicted defendant upon a plea of guilty of aggravated vehicular homicide and aggravated driving while intoxicated (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated vehicular homicide (Penal Law
§ 125.14 [7]) and three counts of aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [b]; 1193 [1] [c] [i] [B]). We reject defendant's contention that the police did not, at the time of his arrest, have probable cause to believe that he had operated his vehicle while intoxicated and thus that his statements and any other evidence seized as a result of the arrest, including the results of a chemical blood test, should have been suppressed. The first officer to the scene testified at the suppression hearing that defendant was the driver of a vehicle that had violently crashed into a telephone pole, killing one minor passenger and injuring two others. The officer further testified that it was a clear morning, that the road appeared to be free from obstructions, and that defendant smelled of alcohol and had bloodshot eyes. Defendant's girlfriend, also a passenger in the vehicle, told the officer at the scene that defendant had consumed alcohol at a party several hours before he began driving. The arresting officer, who spoke to defendant at the hospital several hours after the crash, testified that defendant still smelled of alcohol at that time and spoke with slow and deliberate speech. We therefore conclude from the totality of the circumstances, including the violent crash, defendant's appearance and manner of speech, and the odor of alcohol detected by the officers, that there was probable cause to believe that defendant was driving in violation of Vehicle and Traffic Law § 1192 (see People v Lewis, 124 AD3d 1389, 1390-1391 [4th Dept 2015], lv denied 26 NY3d 931 [2015]; People v LeRow, 70 AD3d 66, 71 [4th Dept 2009]; People v Mojica, 62 AD3d 100, 114 [2d Dept 2009], lv denied 12 NY3d 856 [2009]).
Defendant further contends that the results of the chemical test should have been suppressed because his limited right to counsel was violated (see People v Smith, 18 NY3d 544, 549-550 [2012]). Defendant failed to raise that specific contention in his motion papers or at the suppression hearing as a ground for suppressing the results of the chemical test, and thus he failed to preserve that contention for our review (see People v Brown, 120 AD3d 954, 955 [4th Dept 2014], lv denied 24 NY3d 1118 [2015]; People v Curkendall, 12 AD3d 710, 714 [3d Dept 2004], lv denied 4 NY3d 743 [2004]; see generally People v Heidgen, 22 NY3d 259, 280 [2013]). Even assuming, arguendo, that defendant's challenge is preserved for our review on the ground that County Court, in response to the broad contentions raised in defendant's motion papers, expressly decided that defendant had not unequivocally invoked his right to counsel (see CPL 470.05 [2]), we conclude that it lacks merit inasmuch as defendant "did not unequivocally inform the police of his intention to retain counsel, or that he wanted the opportunity to consult with an attorney before . . . undertaking the [blood draw]" (People v Hart, 191 AD2d 991, 992 [*2][4th Dept 1993], lv denied 81 NY2d 1014 [1993]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court