People v Cooper (2021 NY Slip Op 50711(U))

[*1]

People v Cooper (Nickolas)

2021 NY Slip Op 50711(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1687 D CR

The People of the State of New York,
Respondent, 
against
Nickolas Cooper, Appellant. 

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.
Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Wappingers Falls, Dutchess
County (Susan Sullivan-Bisceglia, J.), rendered October 22, 2019. The judgment convicted
defendant, upon his plea of guilty, of driving while ability impaired, and imposed sentence. The
appeal brings up for review an order of that court dated September 26, 2019 denying defendant's
motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in simplified traffic informations with, respectively, driving while
intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated
(common law) (Vehicle and Traffic Law § 1192 [3]). Subsequently, a
Dunaway/Huntley/Mapp hearing was held, during which defendant
argued to the Justice Court that his initial seizure during the traffic stop, and a second seizure
thereafter, were both unlawful.
At the hearing, the arresting officer, Trooper Lavarnway, testified that, while on vehicular
patrol at approximately 2:20 a.m. on October 7, 2018, he and his partner, Trooper Winkelman,
observed two vehicles driving slowly together. The license plate light of one of the vehicles was
defective, and the troopers effected a traffic stop of that vehicle. However, both vehicles pulled
over. Trooper Lavarnway approached the vehicle with the defective light, and Trooper
Winkelman approached the second vehicle, driven by defendant. As Trooper Lavarnway
conversed with the driver of the offending vehicle, Trooper Winkelman flashed a sign that
Trooper Lavarnway understood to mean that defendant appeared intoxicated. Trooper [*2]Lavarnway testified that, based solely on his partner's hand gesture,
and without having yet observed defendant, he already knew that he would be investigating
whether defendant was driving while intoxicated, and he stated that defendant was not free to
leave.
Trooper Lavarnway testified further that, after performing a computer check of the offending
vehicle, he permitted the driver of that vehicle to drive away and joined Trooper Winkelman at
defendant's vehicle. Trooper Lavarnway smelled the odor of alcohol emanating from defendant,
and he observed that defendant slurred when answering questions. He ordered defendant to exit
his vehicle and observed that defendant had trouble keeping his balance. Defendant failed each of
three standardized field sobriety tests, and a preliminary breath test indicated the presence of
alcohol. Trooper Lavarnway then placed defendant under arrest.
Following the hearing, the Justice Court, by order dated September 26, 2019, denied
defendant's suppression motion.
Because defendant stopped his vehicle along with the offending vehicle, the troopers were
permitted to approach and inquire, "[i]n light of the heightened dangers faced by investigating
police officers during traffic stops" (People v Garcia, 20 NY3d 317, 321 [2012]). Soon
after arriving at defendant's vehicle, Trooper Winkelman communicated a sign that Trooper
Lavarnway unequivocally understood to mean that defendant may be intoxicated. Thus, Trooper
Winkelman "acquired founded suspicion [that criminal activity was afoot] before the initial
justification for detaining defendant had been exhausted" (People v Coutant, 16 AD3d 772, 774 [2005]), and the short delay
before Trooper Lavarnway could join him at defendant's vehicle did not render the seizure
unlawful (see People v Edwards, 14 NY3d 741, 742 [2010] ["as a matter of law, the
officers did not inordinately prolong the detention beyond what was reasonable under the
circumstances"]). Trooper Lavarnway observed signs of intoxication and, upon further
investigation, possessed reasonable cause to arrest defendant for driving while intoxicated.
At the hearing, defendant testified that, at the police barracks, Trooper Winkelman asked him
if he would consent to chemical testing of his breath. Defendant further testified that he had
wanted to speak with a lawyer he already knew before deciding whether to submit a breath
sample. He told the troopers that "I wasn't sure, am I able to talk to a lawyer? . . . They said no. I
said I cannot talk to my lawyer and they said no." However, the troopers did permit defendant to
call his mother, who is not an attorney. Defendant testified that, while he and his mother were
conversing, Trooper Winkelman "took the phone and then said [to defendant's mother], 'If he
doesn't take this [chemical test], he's going to be in trouble.' And he pretty much told me to take
it." Thereafter, defendant submitted a breath sample for chemical testing.
Trooper Winkelman testified in rebuttal that, at the barracks, defendant never requested an
attorney and only asked to call his mother, which request the trooper granted. At some point,
defendant's mother asked to speak to an officer. Trooper Winkelman testified that he spoke with
her for about 5-10 minutes, during which time he read the refusal warnings to her and explained
the possible repercussions of a refusal. The trooper testified that, afterward, defendant and his
mother spoke again for a few minutes, and, thereafter, defendant consented to submit a breath
sample.
Defendant did not argue to the Justice Court that the troopers violated his limited right to the
advice of counsel concerning whether to submit to chemical testing of his breath (see People
v Smith, 18 NY3d 544, 549-550 [2012]). He does so for the first time on appeal. However,
as [*3]"[d]efendant failed to raise that specific contention in his
motion papers or at the suppression hearing as a ground for suppressing the results of the
chemical test, . . . he failed to preserve that contention for our review" (People v Russ, 183 AD3d 1238,
1239 [2020]). In any event, we find no basis to disturb the Justice Court's determination that the
trooper's testimony was credible and reliable.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021