People v Boswell (2021 NY Slip Op 04845)





People v Boswell


2021 NY Slip Op 04845


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


557 KA 17-01058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONNIE L. BOSWELL, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 22, 2016. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking suppression of the weapon he was charged with possessing as well as statements he made to the police following his arrest. We affirm.
Defendant was the passenger in a vehicle that was lawfully stopped for a traffic infraction. When a police officer detected the odor of marihuana emanating from the vehicle, the officer removed defendant from the vehicle and attempted to conduct a pat frisk of his person. Defendant fled and, in the course of his flight, discarded a handgun.
According to defendant, the odor of marihuana, without more, did not justify the pat frisk. It is well established, however, that "the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Jemison, 158 AD3d 1310, 1310 [4th Dept 2018], lv denied 31 NY3d 1083 [2018] [internal quotation marks omitted]; see People v Chestnut, 36 NY2d 971, 973 [1975]). Although defendant asks us to "revisit" the rule that the odor of marihuana provides probable cause to search a vehicle's occupants, contending that it is inconsistent with federal constitutional law, the rule was established by the Court of Appeals in Chestnut, and "it is not this Court's prerogative to overrule or disregard a precedent of the Court of Appeals" (Hernandez v City of Syracuse, 164 AD3d 1609, 1609 [4th Dept 2018] [internal quotation marks omitted]).
Defendant further contends that the People failed to establish that the officer was qualified by training and experience to recognize the odor of marihuana. That specific contention is not preserved for our review inasmuch as defendant failed to raise it in his motion papers, at the suppression hearing, or in his posthearing submission (see People v Burden, 191 AD3d 1260, 1261 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Russ, 183 AD3d 1238, 1239 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court