People v Sinkler (2024 NY Slip Op 03649)

People v Sinkler

2024 NY Slip Op 03649

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

466 KA 20-00415

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DISHAWN SINKLER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 13, 2020. The judgment convicted defendant, upon a guilty plea, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the period of postrelease supervision and imposing a period of 2½ years of postrelease supervision, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). According to police testimony at a suppression hearing, defendant was a passenger in a vehicle that was stopped for traveling at an excessive rate of speed, among other infractions. During the traffic stop, an officer noticed the odor of unburnt marihuana emanating from the vehicle, and that officer testified that he was familiar with the smell of unburnt marihuana based on his training and experience. The officer asked the driver to step out of the vehicle and then placed him in the officer's patrol car. Meanwhile, two other officers arrived, and they approached defendant and asked him to step out of the vehicle. Defendant was then frisked, and a 9 millimeter handgun was recovered from his person.
We reject defendant's contention that Supreme Court erred in determining that the police had probable cause to search his person. At the time that the stop was conducted in 2019, it was "well established that [t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, [was] sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]; see People v Chestnut, 36 NY2d 971, 973 [1975], affg 43 AD2d 260 [3d Dept 1974]; cf. People v Townsend, 225 AD3d 1156, 1158 [4th Dept 2024], lv denied — NY3d — [May 21, 2024]). Although defendant asks us to revisit that rule, the rule was established by the Court of Appeals in Chestnut, and "it is not this Court's prerogative to overrule or disregard a precedent of the Court of Appeals" (People v Boswell, 197 AD3d 950, 951 [4th Dept 2021], lv denied 37 NY3d 1095 [2021] [internal quotation marks omitted]; see Hernandez v City of Syracuse, 164 AD3d 1609, 1609 [4th Dept 2018]). Defendant's remaining contentions regarding the suppression hearing are either unpreserved or are academic in light of our determination.
Defendant further contends that Penal Law § 265.03 (3) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). As defendant correctly concedes, that contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied [*2]580 US 969 [2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, defendant correctly notes that his sentence is illegal insofar as the court imposed a two-year period of postrelease supervision. The sentence for his conviction of criminal possession of a weapon in the second degree, a class C violent felony, should have included a period of postrelease supervision of between 2½ years and five years (see Penal Law § 70.45 [2] [f]). "Although [that] issue was not raised before the [sentencing] court . . . , we cannot allow an [illegal] sentence to stand" (People v Hughes, 112 AD3d 1380, 1381 [4th Dept 2013], lv denied 23 NY3d 1038 [2014] [internal quotation marks omitted]). Defendant requests that we exercise our inherent authority to correct the sentence by imposing the minimum legal period of postrelease supervision (see generally People v Mabry, 214 AD3d 1300, 1302 [4th Dept 2023], lv denied 40 NY3d 935 [2023], reconsideration denied 40 NY3d 1081 [2023]), a request that the People do not oppose. Inasmuch as the court expressed its intention to impose the minimum period of postrelease supervision, we agree with defendant and modify the judgment in the interest of judicial economy by vacating the period of postrelease supervision and imposing a period of 2½ years of postrelease supervision.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court