People v Darby (2025 NY Slip Op 00107)

People v Darby

2025 NY Slip Op 00107

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-00436
 (Ind. No. 1758/19)

[*1]The People of the State of New York, respondent,
v
Gerard Darby, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Christopher Moore on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered December 23, 2022, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
In June 2019, a police officer arrested the defendant in Queens after locating a loaded handgun in his waistband. The defendant was thereafter indicted on charges of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. In an omnibus motion, the defendant moved, among other things, to suppress the firearm and certain statements he made to law enforcement officials after his arrest. By order dated November 10, 2021, the Supreme Court, inter alia, denied those branches of the defendant's omnibus motion. In December 2022, following a nonjury trial, the court convicted the defendant of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. The defendant appeals.
In People v De Bour (40 NY2d 210), the Court of Appeals "established a four-tiered framework for evaluating the propriety of police-initiated encounters with civilians" (People v Johnson, 40 NY3d 172, 174). "[L]evel one permits a police officer to request information from an individual and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality; level two, the common-law right of inquiry, permits a somewhat greater intrusion and requires a founded suspicion that criminal activity is afoot; level three authorizes an officer to forcibly stop and detain an individual, and requires a reasonable suspicion that the particular individual was involved in a felony or misdemeanor; level four, arrest, requires probable cause to believe that the person to be arrested has committed a crime" (People v Moore, 6 NY3d 496, 498-499). In circumstances justifying a level two encounter, the officer may request an individual's consent to conduct a search, so long as the request is "reasonably related in scope to the circumstances that justified the interference in the first place" (People v Mercado, 120 [*2]AD3d 441, 443, affd 25 NY3d 936; see People v Dunbar, 5 NY3d 834, 835; People v Irizarry, 79 NY2d 890, 892).
Here, at a suppression hearing, the arresting officer testified that he and his partner responded to a 911 call shortly after midnight on the night of the arrest. The 911 caller believed that a male wearing specified types of clothing was in possession of a firearm on the right side of his body and provided the basis for this belief. Upon arrival at the scene, the arresting officer observed a group of approximately 10 to 15 people, including the defendant, who was the only person in the group who matched the precise description provided by the 911 caller. The arresting officer testified that he started a conversation with the defendant, who was making "furtive movements," including by backing away and "blading" his body in a manner that kept his right hip away from the arresting officer. The arresting officer asked the defendant for identification and, when the defendant then reached to his right side, the arresting officer requested the defendant's consent to "check him out." Upon receiving the defendant's consent, the arresting officer testified that he frisked the defendant's right hip area, felt the handle of a firearm, and pulled a handgun from the defendant's waistband.
Under the circumstances presented, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the firearm. At the time he sought consent to "check [the defendant] out," the arresting officer, among other things, had information indicating that the defendant was armed on his right side and had observed the defendant "blad[ing] his body" in an apparent attempt to conceal that same side, an action which, at a minimum, "suggest[ed] criminal activity afoot" and "g[a]ve [the] officer reason to proceed with caution" (People v Hernandez, 223 AD3d 751, 754; see People v Torres, 232 AD3d 146). Considering the information provided by the 911 caller in conjunction with the arresting officer's observations of and interactions with the defendant at the scene, "the officer at the very least had a founded suspicion that criminal activity was afoot so as to authorize [him] . . . to request the defendant's consent to a search of" his person (People v Leiva, 33 AD3d 1021, 1023; see People v Medina, 40 NY3d 1022, 1023; People v Alston, 193 AD2d 883, 884-885). The defendant does not contend that the arresting officer's request was improper and, in fact, concedes that he freely consented to a pat-down of his waist area. The defendant nonetheless asserts that, through his bodily movements, he withdrew his consent before the arresting officer located the firearm (see generally United States v Sanders, 424 F3d 768, 773-776). However, this contention is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (see id. § 470.15[3][c]; People v Biggs, 208 AD3d 1340, 1342).
Since the arresting officer's discovery of the firearm provided probable cause for arrest, the Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress, as the fruits of the poisonous tree, the custodial statements he made following his arrest (see People v Bermudez-Cedillos, 228 AD3d 681, 682; People v Welch, 192 AD2d 566, 566).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court